

## Sulaiman Law Group, LTD
DEDICATION | INNOVATION | COMPASSION | EXCELLENCE

**JOSEPH S. DAVIDSON**
jdavidson@sulaimanlaw.com

2500 Highland Avenue
Suite 200
Lombard, Illinois 60148

+1 630-575-8181 (telephone)
+1 630-575-8188 (facsimile)
www.sulaimanlaw.com

July 19, 2017

JPMorgan Chase Bank, N.A.
c/o Jose G. Moreno
Codilis & Associates, P.C.
15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

*Sent via electronic mail to 'jose.moreno@il.cslegal.com'*

**Re: 1:16-bk-11772 – *In re Bradley Blaine Sandona***

To Whom It May Concern:

On March 31, 2015, a bankruptcy case concerning Mr. Sandona was filed under Chapter 13 of the Bankruptcy Code. On July 28, 2015, Mr. Sandona filed a Modified Chapter 13 Plan, which provided, in pertinent part: "Pursuant to 11 U.S.C. § 1322(b)(9), legal title to [1275 East Baldwin Lane, Unit 401, Palatine, Illinois] shall vest in JPMorgan Chase Bank, N.A. ("Chase") upon confirmation of [Mr. Sandona's] Chapter 13 Plan." On September 2, 2015, an Order Confirming Plan was entered.

Mr. Sandona proposed that title be vested in Chase, and the Bankruptcy Code specifically authorizes such a provision: "[T]he plan may ... provide for the vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or in any other entity...." 11 U.S.C. § 1322(b)(9). Chase did not affirmatively accept the plan. However, Chase received adequate notice of the plan and failed to object to its confirmation.[1]

A confirmed plan acts more or less like a court-approved contract or consent decree that binds both the debtor and all the creditors. *In re Harvey*, 213 F.3d 318, 321 (7th Cir. 2000). Chase, with thousands of

---

[1] The overwhelming majority of courts hold that a secured creditor's failure to object may amount to acceptance of the plan, or at the least imply acceptance of the plan. *See Andrews v. Loheit (In re Andrews)*, 49 F.3d 1404, 1409 (9th Cir. 1995) ("Here, § 1325(a)(5) is fulfilled because subsection (A) was satisfied when the holders of the secured claims failed to object. In most instances, failure to object translates into acceptance of the plan by the secured creditor."); *In re Szostek*, 886 F.2d 1405, 1413 (3rd Cir. 1989) ("The general rule is that the acceptance of the plan by a secured creditor can be inferred by the absence of a timely objection."); *In re James*, 260 B.R. 498, 503 (Bankr. D. Idaho 201) ("The case law makes clear that if the holder o an allowed secured claim provided for by a plan fails to object to confirmation of the plan, Section 1325(a)(5)(A) is satisfied .... [N]o objection has been received from the holders of any allowed secured claims, and therefore Section 1325(a)(5)(A) has been satisfied.")



claims in bankruptcy cases throughout the county, seemingly disagrees. Subsequent to confirmation of the plan, Chase has performed with willful disregard of the plan – refusing to accept the transfer of ownership as contemplated by the plan.

Accordingly, I demand that Chase modify and realign their loan file to conform with the confirmed plan within 21 days of your receipt of this letter. Be advised that unless this matter is resolved within 21 days of your receipt of this letter, I will pursue any and all legal remedies Chase. I trust that we can resolve this matter amicably without litigation. Should you have any questions about the above-mentioned, please contact me directly at your convenience.

Regards,

Joseph S. Davidson

JSD/cj